[784 NYS2d 23]

In the Matter of H. WILLIAM HODGES, III (Admitted as HENRY WILLIAM HODGES), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 28, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee* (*Joseph J. Hester* of counsel), for petitioner.

*Joseph W. Ryan* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent H. William Hodges, III was admitted to the practice of law in the State of New York by the Second Judicial Department on April 19, 1963. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the Second Judicial Department.

On October 2, 2002, respondent was served with a notice and statement of five charges alleging a series of escrow account infractions and commingling of personal funds in violation of Code of Professional Responsibility DR 1-102 (a) (3) and DR 9-102 (a), (b), (b) (1) and (e) (22 NYCRR 1200.3, 1200.46).

After hearings on February 4, 2003 and February 5, 2003, the Referee sustained all five charges and recommended public censure as a sanction. In particular, the Referee found that respondent violated DR 9-102 (a) (1) by failing to release escrow down payment funds over the objection of the would-be buyer, and contrary to the escrow provisions in the underlying real estate contract. Further, the Referee determined that respondent had mishandled client funds in violation of DR 9-102 (b) (1) when he drew funds on his escrow account or trust accounts belonging to one client for the benefit of another client, thereby converting these funds. Similarly, the Referee found that respondent violated DR 9-102 (e) when he repeatedly drew checks to cash on his trust accounts and that he violated DR 1-102 (a) (3) and DR 9-102 (a) and (b) by commingling his personal funds with funds he held in his trust and escrow accounts. As to the appropriate sanction, the Referee recommended public censure in light of respondent's age, his unblemished 40-year legal career, his cooperation with the investigation, that the violations were committed without venal intent and that no harm was caused to his clients.

The Hearing Panel concurred with the Referee's report in its entirety. The Panel agreed that respondent's practice of causing checks to be certified for the benefit of a client in excess of the collected funds in the account credited to that client constituted a "conversion" of client funds in violation of DR 9-102 (b) (1), but not in the popular sense of theft or venal misappropriation of another's property. The Panel wrote: "The fact that respondent refrained from negotiating such checks until covering funds were in hand may have mitigated the risk of this practice, but it

does not undermine the conclusion that respondent pressed the funds of one or more unwitting clients into the service of another by allowing them to be debited in support of certified checks. That respondent generally covered the debits with sufficient deposits within a day (with one unintended exception) is likewise more relevant to the issue of sanctions than to the evaluation of the charge, which correctly focuses on respondent's unauthorized loss of control over certain clients' funds at the time he authorized checks to be certified for the benefit of other clients who did not have sufficient collected balances credited to them."

As to the appropriate sanction, the Panel agreed public censure was most appropriate where, as here, the escrow violations were committed without venal intent, no harm was caused to clients, and there were other strong factors in mitigation (*see Matter of Lubell*, 285 AD2d 267 [2001]). The Panel concluded: "[w]hen viewed in a vacuum these irregularities would arguably support an order of suspension, particularly given their magnitude, frequency and scope, and the risks attendant on the habitual commingling of personal and client funds, the drawing of checks on trust accounts to cash, and the certification of checks in amounts greater than the credit balance available to a particular client. In the Panel's view, however, there are strong mitigating factors that would render the penalty of suspension unduly harsh in this context." Furthermore, the Panel noted that respondent maintained complete and accurate records of every escrow account transaction, "thus dispelling any implication of negligence or fraudulent intent, and reducing the risk that clients would be harmed by the challenged transactions," and that he had taken steps to modify his practice to avoid a recurrence of his violations.

The Departmental Disciplinary Committee (Committee) now seeks an order confirming the findings of fact and conclusions of law set forth in the Hearing Panel's determination and recommends the imposition of public censure.

In response, respondent has submitted his affirmation and his counsel has submitted a memorandum of law in support of the petition recommending public censure. Respondent states that although he previously and vigorously challenged the legal conclusions concerning his "conversion" of client's funds, he has abandoned that challenge before this Court in light of the Referee and Hearing Panel's rejection of his view. In further support of public censure, respondent avers that a significant

part of his practice consists of assisting judges in Nassau County as a law guardian in Surrogate Court matters, and as a court evaluator, referee and court attorney on matters pending before the Nassau Supreme Court.

In light of the forgoing circumstances, we agree with the Committee that respondent should be censured for the five charges sustained against him.

Accordingly, the Committee's petition should be granted, the Hearing Panel's findings of fact and conclusions of law confirmed, and the respondent should be publicly censured.

TOM, J.P., SAXE, ELLERIN, LERNER and GONZALEZ, JJ., concur.

Respondent publicly censured.